Jackson W. WATTS, Party in Interest and Loretta Langford, Appellants

v.

DANVILLE HOUSING AUTHORITY; Honorable J. Langford Overfield, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2013–SC–000346–WC.

Supreme Court of Kentucky.

Aug. 21, 2014.

Jackson W. Watts, pro se.

Loretta Langford, pro se.

Kevin Wayne Weaver, Counsel for Appellee, Danville Housing Authority.

Eric M. Lamb, Counsel for Amicus Curiae, Kentucky Chapter of American Federation of Labor and Congress of Industrial Organizations (Kentucky AFL–CIO).

## OPINION OF THE COURT

Appellant, Jackson W. Watts, appeals from a Court of Appeals decision which affirmed an order of the Workers' Compensation Board regarding the attorney fee he is entitled to for representing claimant, Loretta Langford.[1] Watts argues that an interlocutory proceeding in a workers' compensation case, specifically a medical fee dispute, should be considered separate from a claim for income benefits and therefore not subject to the statutory cap on attorney fees provided in KRS 342.320(2)(a). For the below stated reasons, we affirm the Court of Appeals.

On March 21, 2005, Langford suffered a work-related back injury while employed by the Danville Housing Authority. Her treating physician recommended she undergo a fusion surgery on her spine, but the Housing Authority denied the proposed surgery. Langford timely filed a medical fee dispute and filed a Form 101 Application for Resolution of Injury Claim. Watts represented Langford during the proceeding. The Chief Administrative Law Judge ("CALJ") bifurcated the claim to first decide the issues related to the proposed surgery.

On February 20, 2008, the CALJ entered an interlocutory opinion, award, and order finding that the fusion surgery was necessary for treatment of the work-related injury. The CALJ then placed the remainder of Langford's claim in abeyance pending the outcome of the surgery. Langford received more than $72,000 in temporary total occupational disability ("TTD") benefits as a result of the interlocutory order. Once Langford reached maximum medical improvement ("MMI"), the claim was returned to the active docket, and the parties reached a settlement for a sum of $175,000, which included a waiver of future medical expense benefits.

After the settlement, Watts filed two motions for approval of attorney fees. The first motion requested approval of $12,000 for work performed in obtaining the lump sum payment, and the second motion requested approval of $8,369.19 for work performed in obtaining the TTD and medical benefits which Langford recovered from the interlocutory award. The CALJ granted Watts's motion for $12,000 in attorney fees but denied the motion for $8,369.19 in fees. The CALJ reasoned that KRS 342.320(2)(a) caps attorney fees to a total of $12,000. That statute states in pertinent part:

> (2) In an original claim, attorney's fees for services under this chapter on behalf of an employee shall be subject to the following maximum limits:
>
> (a) Twenty percent (20%) of the first twenty-five thousand dollars ($25,000) of the award, fifteen percent (15%) of the next ten thousand dollars ($10,000), and five percent (5%) of the remainder of the award, not to exceed a maximum fee of twelve thousand dollars ($12,000). This fee shall be paid by the employee from the proceeds of the award or settlement
>
> . . .

Watts filed a petition for reconsideration. He argued that the interlocutory award should be treated as separate from Langford's initial claim and not part of the same claim as the CALJ found. Watts also contended that the term "an original claim" in KRS 342.320(2)(a) should be narrowly construed and cited to 803 KAR 25:010 § 12(6) to support that conclusion. That regulation states, "An attorney's fee in the amounts authorized by KRS 342.320

---

1. Langford has not filed a response in this matter, but has received notice of Watts's appeal.

that does not exceed twenty (20) percent of the weekly income benefits awarded pursuant to a request for interlocutory relief may be granted. The approved fee shall be deducted in equal amounts from the weekly income benefits awarded and shall be paid directly to the attorney." While the CALJ was sympathetic to Watts's arguments, he denied the petition for reconsideration holding that the clear language of KRS 342.320(2)(a) requires that all proceedings leading up to the final award be considered part of the original claim. The Board and Court of Appeals affirmed. This appeal followed.

 Watts makes numerous arguments to support his contention that the term "original claim," as used in KRS 342.320, should not be defined to include interlocutory proceedings which were adjudicated prior to the resolution of the employee's claim for income benefits. Watts contends that a motion for interlocutory relief, specifically a medical fee dispute, should be considered a separate proceeding from the underlying workers' compensation matter for the purpose of calculating attorney fees. However, Watts's arguments ignore the fact that an interlocutory order granting benefits is not a final and appealable order and is subject to change upon the presentation of additional evidence. An interlocutory order is entered as a means to adjudicate a claimant's case and ultimately obtain a final judgment. For example, in this matter, the interlocutory order was entered so that Langford could receive the surgery which would allow her to reach MMI. A claimant must reach MMI before a final award may be entered. We agree with the Board and Court of Appeals that an interlocutory proceeding is a part of the initial claim filed by the employee and is not a separate and distinct claim. Therefore the attorney fee for the entire pro-

ceeding in this matter is subject to the statutory maximum of $12,000 per KRS 342.320(2)(a). While we may be sympathetic to Watts's argument, workers' compensation is a creature of statute and we are constrained by the controlling statutory authority. *Williams v. E. Coal Corp.*, 952 S.W.2d 696, 698 (Ky.1997).

We note that Watts argues that by defining "original claim" in this manner renders 803 KAR 25:010 § 12(6) meaningless. We reject this argument. While 803 KAR 25:010 § 12(6) allows a motion for attorney fees to be filed following an interlocutory award, the fee is limited by its plain language to "the amounts authorized by KRS 342.320." Thus, that regulation is designed to allow attorneys to obtain an advance on the fees they are entitled to ultimately receive but only as long as those fees comply with KRS 342.320. It is not a means to circumvent the cap on attorney fees.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.